UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENIS KHOKHLOV,

                Plaintiff,

-against-

EUROCLEAR SA/NV,

                Defendant.

23-CV-1501 (JGLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

    This case was referred to Magistrate Judge Netburn for general pretrial purposes and dispositive motions. *See* ECF No. 29. Three motions were filed: on September 8, 2023, Defendant moved to dismiss, ECF No. 16; on October 10, 2023, Plaintiff moved for the Court to award him judgment pursuant to Rule 12(c), ECF No. 22; and on October 21, 2023, Plaintiff requested leave to add Euroclear Bank, Defendant's subsidiary, as a defendant, pursuant to Rule 15(a)(2), ECF No. 24. In the Report and Recommendation filed on June 27, 2024, Judge Netburn recommended that the Court GRANT Defendant's motion to dismiss and DENY Plaintiff's motions for leave to amend and for the Court to award judgment. *See* ECF No. 31 ("R&R").

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* R&R. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). On July 5, 2024, Plaintiff filed objections to the R&R. ECF No. 32.

The Court has reviewed the motions, the Report and Recommendation, and Plaintiff's objections, and finds the Report and Recommendation to be well-reasoned and grounded in fact and law. The Court further finds that none of Plaintiff's objections have merit. Beyond lacking merit, none of Plaintiff's arguments address the fundamental defects in his case identified by the R&R. In recommending that Plaintiff's Fourteenth Amendment Due Process claim be dismissed, Judge Netburn explained that Plaintiff's claim necessarily fails because he did not allege any state action—a basic requirement of a claim under the Due Process Clause. R&R at 6. Likewise, in recommending the dismissal of Plaintiff's claim under the Alien Tort Statute, Judge Netburn explained that Defendant, as a foreign corporation, is immune from liability under the Alien Tort Statute. *Id*. at 7. These determinations also form the basis of Judge Netburn's conclusion that Plaintiff's proposal to amend the Complaint by adding Euroclear Bank as a defendant would be futile. *Id.* at 9–10. That is, because Euroclear Bank is also a private, foreign corporation, it cannot be held liable under the Due Process and is immune from liability under the Alien Tort Statute.

None of Plaintiff's legal arguments refute these conclusions.[1] Indeed, regarding his due process claim, Plaintiff admits that "Defendant is a private corporation," but argues nonetheless that his claim is "actionable" in part because "this court [should] hold private corporations solicited business in the United States accountable for disrespecting U.S. federal legislation." ECF No. 32 at 2–3. However, a Fourteenth Amended Due Process claim cannot stand where, as here, there are no allegations of state action. *See Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009) (explaining that the Fourteenth Amendment "applies only to state action."). With respect to his Alien Tort Statute claim, Plaintiff's objection fails to respond to Judge Netburn's determination that foreign corporations like Defendant are immune from liability. *See Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 847 (2d Cir. 2021) ("[T]he ATS does not authorize a tort action against a foreign corporation."). Nor does Plaintiff meaningfully object to Judge Netburn's conclusion that amending the Complaint to add Euroclear Bank as a co-defendant would be futile. Because Defendant and Euroclear bank are private, foreign corporations, they cannot be held liable under the Due Process Clause and are immune from liability under the Alien Tort Statute.

Accordingly, the Report and Recommendation is ADOPTED in its entirety.

---

[1] Plaintiff also takes issue with the R&R's recitation of the facts and procedural background. Setting aside whether those objections are accurate, they do not affect the result.

The Clerk of Court is directed to close the case and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: September 30, 2024
New York, New York

_Jessica Clarke_
JESSICA G. L. CLARKE
United States District Judge